J-S24022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN O'BRIAN HALL, | : | |
| | : | |
| Appellant | : | No. 1184 MDA 2017 |

Appeal from the Judgment of Sentence, June 28, 2017,
in the Court of Common Pleas of York County,
Criminal Division at No(s):  CP-67-CR-0008123-2016.

BEFORE:  OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED JUNE 13, 2018**

Kevin O'Brian Hall appeals from the judgment of sentence, after a trial judge convicted him of various offenses related to driving under the influence (DUI) of alcohol.[1]  Because he has not appealed the court of common pleas' ruling that his initial interaction with law enforcement officers was a "mere encounter," we affirm.

This appeal's disposition turns on procedural grounds, so the factual background of Hall's arrest and conviction is mostly irrelevant.  Briefly, several police officers were wrapping-up an unrelated robbery investigation, when they observed Hall's driving and thought it was odd.  He drove directly towards the curb and sidewalk where the police were standing and suddenly veered back into the middle of three lanes of traffic.

_____

[1] **_See_** 75 Pa.C.S.A. § 3802.

Hall then came to a halt at a nearby red light.  Two officers took that opportunity to walk towards Hall's car.  As they approached, the traffic light turned green, but Hall, without any direction from the officers, ignored the traffic light's directive to proceed.  Because he stayed put, the police reached his vehicle and smelled alcohol once the windows were down.  Eventually, Hall confessed to DUI and was under arrest.

Pre-trial, Hall moved to suppress the Commonwealth's evidence.  The judge, finding that the red light – and not the police – had stopped Hall's car, denied his motion.  According to the court, the event was a "mere encounter," to which no constitutional protections applied.  But, the learned suppression judge also concluded that the officers possessed reasonable suspicion, in case an appellate court disagreed with his "mere encounter" conclusion.

The trial court convicted and sentenced Hall to 24 to 60 months in prison.

Hall appeals.  He raises only one issue:

> Whether the trial court erred in denying [suppression], despite . . . the police . . . not possess[ing] the requisite reasonable suspicion . . . to stop and seize [Hall] and his vehicle based on a suspected violation of the Pennsylvania Vehicle Code, in violation of [Hall's] right to be free from unreasonable police searches and seizures [under] the Fourth and Fourteenth Amendments to the United States

Constitution and Article [I], Section 8 of the Pennsylvania Constitution.[2]

Hall's Brief at 3.

The Commonwealth argues that neither constitution applies, because no seizure of Hall's person or vehicle took place until the policemen arrested him. In the Commonwealth's view, the officers engaged in "a mere encounter." Commonwealth's Brief at 11.

The suppression court agreed with the Commonwealth. Ruling from the bench, the judge held, "based upon the testimony that I found credible" (*i.e.*, the arresting officer) "I'm convinced . . . that the officer did not initiate a stop of the vehicle based upon . . . reasonable suspicion but rather approached a vehicle that was already stopped . . . ." N.T. at 33. Indeed, when the judge asked the defense attorney if he "had any case law that differs," the attorney replied, "No, Your Honor." ***Id.*** at 35-36. Thus, Hall offered the suppression

---

[2] The Fourth Amendment to the Constitution of the United States dictates that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated" and "no Warrant shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the places to be searched, and the persons or things to be seized." U.S. Const. Amend. IV.

Similarly, Article I, § 8 of the Constitution of the Commonwealth of Pennsylvania provides:

The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant.

court no authority rebutting the Commonwealth's "mere encounter" theory. He also advanced no argument against such a theory before this Court.

Hall only takes issue with the suppression court's finding of fact that his "vehicle would have veered off of the street onto the sidewalk and through an adjacent business, thereby justifying" the police detaining him and subsequently uncovering the evidence of DUI against him. Hall's Brief at 6. Thus, Hall presumes that the police engaged in an investigatory detention and proceeds to challenge the secondary question of the officers had reasonable suspicion to justify such a detention. However, the procedural posture of this case dictates otherwise. The court of common pleas held that *no* investigatory detention occurred.

Thus, Hall's argument that the officers lacked reasonable suspicion to support such a detention is inconsequential. For, as the Commonwealth correctly states:

> Pennsylvania jurisprudence delineates three basic levels of interaction between citizens and police officers, and the accompanying standard of proof needed for each level is firmly established:
>
> > The first category, a mere encounter, . . . does not need to be supported by any level of suspicion, and does not carry any official compulsion to stop or respond. The second category, an investigative detention, derives from *Terry*[3] and its progeny: such a detention is lawful if supported by reasonable suspicion because, although it subjects a suspect to a stop and a period of detention, it does not involve such coercive conditions as to constitute the functional

---

[3] *See Terry v. Ohio*, 329 U.S. 1 (1968).

equivalent of an arrest. The final category, the arrest or custodial detention, must be supported by probable cause.

Commonwealth's Brief at 11 (*quoting Commonwealth v. Sands*, 887 A.2d 261, 268-69 (Pa. Super. 2005). "The term 'mere encounter' refers to certain non-coercive interactions with the police that do not rise to the level of a seizure of the person under the fourth amendment." *Commonwealth v. Peters*, 642 A.2d 1126, 1129 (Pa. Super. 1994) (*quoting Commonwealth v. Bennett*, 604 A.2d 276, 280 (Pa. Super. 1992)). Hence, under a "mere encounter" scenario, the Commonwealth need not prove any constitutional level of suspicion justifying the exercise of its police powers.

Were we to agree with Hall that reasonable suspicion was lacking, such a determination would be superfluous due to the unchallenged conclusion that Hall's interaction with the police was a mere encounter. By reaching the issue of whether reasonable suspicion existed, the judge employed "belt and suspenders" to gird his decision not to suppress. Thus, even if Hall convinced us to cut the suspenders, the belt would remain intact. And, because Hall has not appealed the belt, we lack jurisdiction to cut it. *See* Pennsylvania Rule of Appellate Procedure 1925(b)(4)(vii) (providing for the waiver of any issue not raised to the trial court in an 1925(b) Statement). As such, we dismiss his claim of error as moot, because no relief can flow from a reversal of that issue alone.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 06/13/2018